IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph McKoy, Jr., | C/A No. 9:21-cv-3672-JFA-MHC |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Stephune, Bernice W. Collines, Baptise, Hayword, Barr, Golden, Chapline, Thomas, Mr. Morton, | |
| Defendants. | |

Plaintiff, Joseph McKoy, Jr, a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action[1] issued an order informing the plaintiff that his complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF No. 4). Plaintiff failed to provide all of the required proper form items and a second proper form Order was entered on February 17, 2022. The

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

second Order also gave Plaintiff notice to amend the Complaint and advised him of pleading deficiencies. (ECF No. 11). Plaintiff filed an amended complaint on March 15, 2022 (ECF No. 13), but he failed to provide all required proper form documents.

After receiving Plaintiff's response, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 17). Within the Report, the Magistrate Judge opines this action is subject to summary dismissal with prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on April 19, 2022.  *Id.* The Magistrate Judge required Plaintiff to file objections by May 3, 2021. *Id.* Plaintiff failed to file objections or otherwise address the deficiencies in his complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded Plaintiff's filings fail to state a cognizable claim.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 17). Consequently, this action is dismissed with prejudice[3]. Because this action is dismissed, Plaintiff's motion to proceed in forma pauperis (ECF No. 14) is denied as moot.

IT IS SO ORDERED.

May 12, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] Because Plaintiff was given several opportunities to cure the deficiencies in his filings, this action is dismissed with prejudice. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018).

3